UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DAKOTA HOTEL VENTURES, LLC,<br><br>        Plaintiff,<br><br>  vs.<br><br>DAVID BAUMANN-ARCHITECT, LTD., and LIGHTOWLER JOHNSON ASSOCIATES, INC.,<br><br>        Defendants. | CIV. 15-5053-JLV<br><br>ORDER |

### INTRODUCTION

Defendants David Bauman-Architect, Ltd., and Lightowler Johnson Associated, Inc., filed a joint motion to transfer venue to the District of North Dakota. (Docket 12). Plaintiff opposes defendants' motion. (Docket 16). For the reasons stated below, defendants' motion is denied.

### ANALYSIS

Plaintiff Dakota Hotel Ventures, LLC, commenced this action against the defendants in Seventh Judicial Circuit Court, Pennington County, South Dakota. (Docket 1-1). Defendant Lightowler Johnson Associates, Inc., ("Lightowler") removed the case to this court pursuant to 28 U.S.C. § 1332 based on diversity jurisdiction. (Docket 1). Defendant David Bauman-Architect, Ltd., ("Bauman-Architect") consented to the removal. (Docket 1-3). Both defendants filed answers to plaintiff's complaint. (Dockets 1-2 & 11).

Defendants filed the present motion to transfer venue to the District of North Dakota, Eastern Division, pursuant to 28 U.S.C. § 1404(a). (Docket 12). Defendants seek transfer to the United States District Court in Fargo, North

Dakota, because Lightowler is a North Dakota corporation with its principal place of business in Fargo and Bauman-Architect is also a North Dakota corporation with its principal place of business in Reile's Acres, North Dakota. (Docket 13 at p. 5).  The court takes judicial notice of the fact that Fargo and Reile's Acres are both in Cass County, and within the Eastern Division of the District of North Dakota.  Fed. R. Evid. 201(b)(2).

A transfer of venue is controlled by 28 U.S.C. § 1404(a).  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  28 U.S.C. § 1404(a).  In determining whether "the interests of justice" are promoted by transfer, the court may consider factors such as: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law."  Terra International, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 696 (8th Cir. 1997).  To evaluate the "balance of convenience" the court should consider factors such as: "(1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law."  Id.  "These considerations parallel the factors that courts typically analyze under section 1404(a)."  Id.

"[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."  Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).   See also Terra International, Inc., 119 F.3d at 695 ("In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted."); Austin v. Nestle USA, Inc., 677 F. Supp. 2d 1134, 1137 (D. Minn. 2009) ("A 'heavy' burden rests with the movant to demonstrate why a case should be transferred. . . . To satisfy that 'heavy' burden, the movant must demonstrate that the relevant factors weigh 'strongly' in its favor.") (citations omitted).

Because the "interests of justice" and "balance of convenience" factors overlap, the court will address the factors in a combined analysis.

PLAINTIFF'S CHOICE OF FORUM

Plaintiff Dakota Hotel Ventures, LLC, is a South Dakota corporation with its principal place of business in Summerset, South Dakota.  (Dockets 1-1 ¶ 1; 1-2 ¶ 1 & 11 ¶ 1).  Bauman-Architect is licensed to do business and is actually doing business in South Dakota.  (Dockets 1-1 ¶¶ 4-5; 1-2 ¶ 1 & 11 ¶ 2).  Lightowler is licensed to do business and is actually doing business in South Dakota.  (Dockets 1-1 ¶ 10-11; 1-2 ¶ 1 & 11 ¶ 4).

Plaintiff and Hospitality Builders, Inc., ("HBI"), as the general contractor, entered into a contract for the construction of a motel in Stanley, North Dakota. (Dockets 1-1 ¶ 12; 1-2 ¶ 2 & 11 ¶ 5).  See also Docket 1-1 at pp. 15-41 ("Construction Agreement").  HBI is a South Dakota corporation with its principal place of business in Rapid City, South Dakota.  (Dockets 1-1 ¶ 2; 1-2 ¶ 1 & 11 ¶ 2).  Plaintiff, HBI and Bauman-Architect entered into an

architectural services agreement for the project.  (Dockets 1-1 ¶ 15; 1-2 ¶ 4 & 11 ¶ 15).  See also Docket 1-1 at pp. 42-50 ("Architectural Services Agreement"). Bauman-Architect subsequently contracted with Lightowler for engineering services for the design of the motel.  (Dockets 1-1 ¶ 23; 1-2 ¶ 6 & 11 ¶ 9).

Defendants do not claim plaintiff's lawsuit was improperly initiated in South Dakota.  See Docket 13.  This factor weighs in favor of plaintiff.

QUESTIONS OF SUBSTANTIVE LAW

The Construction Agreement states that it "shall be governed by the law of the State of South Dakota, without regard to any conflicts of law principles, unless otherwise agreed [to] between the parties."  (Docket 1-1 at p. 19 ¶ 20.1). The Architectural Services Agreement provides that "[u]nless otherwise specified, this Agreement shall be governed by the law of the State of South Dakota."  Id. at p. 45 ¶ 6.1.

"There is an appropriateness . . . in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."  Gulf Oil Corp., 330 U.S. at 509.  "[B]ecause the Agreement contains a South Dakota choice-of-law clause . . . [it] is preferable to have a South Dakota court apply South Dakota law."  Larson Manufacturing Co. of South Dakota v. Connecticut Greenstar, Inc., 929 F. Supp. 2d 924, 938 (D.S.D. 2013) (referencing Gulf Oil Corp., 330 U.S. 501).  "The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration . . . nor no consideration . . . , but rather the consideration for which Congress provided in § 1404(a)."  Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 31 (1988).

This factor weighs in favor of plaintiff.

ABILITY TO ENFORCE A JUDGMENT

A judgment entered in either the District of South Dakota or the District of North Dakota is capable of registration in another Federal District Court. 28 U.S.C. § 1963.  A money judgment may be "enforced by a writ of execution." Fed. R. Civ. P. 69(a)(1).

The parties did not address this factor.  See Dockets 13 & 16.  The court finds this factor does not weigh in favor of plaintiff or defendants.

LOCATION OF COMPLAINED OF CONDUCT

The construction of the motel which is the subject of this litigation occurred in Stanley, North Dakota.[1]  (Docket 13 at p. 5).  The court takes judicial notice of the fact that Stanley, North Dakota, is approximately 325 miles from Fargo, North Dakota, and 415 miles from Rapid City, South Dakota.  Rule 201(b)(2).

This difference in mileage is insignificant.  The court finds this factor does not weigh in favor of plaintiff or defendants.

ACCESSIBILITY TO DOCUMENTS

Defendants argue that "most of the tangible evidence and pertinent documents will be located in North Dakota."  (Docket 13 at p. 8).  Defendants assert "[a] transfer of venue would decrease the use of judicial resources to compel . . . the production of documents."  Id.  Plaintiff counters that HBI in Rapid City, South Dakota, as the general contractor and "key non-party witness. . . . possesses significant knowledge concerning the design and construction of

---

[1] Plaintiff points out the project property is in the Northwestern Division of the District of North Dakota, with court being held at Bismarck, North Dakota. (Docket 16 at p. 1 n.1).  Neither party proposed the case be transferred to the Northwestern Division nor is a change of venue to that Division analyzed.

the hotel and has custody of relevant records and documents."  (Docket 16 at p. 9) (emphasis omitted).

"To overcome the burden to show that transfer is warranted based on the location of documents, some districts have required a defendant to show that a large volume of records must be transported, the nature of the documents, and to precisely detail the burden the defendant would incur with respect to the documents if no transfer occurred."  Schmaltz v. Western Horizons Living Centers, No. CIV. 10-5032-JLV, 2010 WL 4628683 at *10 (D.S.D. Nov. 8, 2010). Defendants have not identified the nature or volume of documents pertinent to their argument.  "Given the ease of access to documents and evidence through electronic transmissions and other technological means, the present physical location of the documents, without more, is not dispositive to the court's transfer analysis."  Id. at 2010 WL 4628683 *11.

In the event original documents need to be examined during the course of discovery, it is more likely defendants would be willing to transfer their documents to Rapid City, South Dakota, than it is that HBI, as a non-party, would be willing to deliver their documents to the court in Fargo, North Dakota. Defendants failed to carry their burden of demonstrating how this factor weighs in their favor.

### CONVENIENCE OF WITNESSES

This is generally "considered the most important factor in the transfer analysis . . . ."  Austin, 677 F. Supp. 2d at 1138 (referencing 15 Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction § 3849 at 199 (3d ed. 2007)). "[T]he Court focuses on non-parties because it is generally assumed that witnesses within the control of the party calling them, such as employees, will

6

appear voluntarily in a foreign forum." Id. (internal quotation marks and citations omitted). This factor includes "the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony . . . ." Terra International, Inc., 119 F.3d at 696.

Defendants assert the material non-party witnesses reside and conduct business in North Dakota. (Docket 13 at p. 5) According to defendants these non-party witnesses are employees of Nova Fire Protection, LS Drywall and Onchuck Construction. Id. at pp. 5-6. These North Dakota companies are located in Fargo, Grand Forks and Mooreton, respectively. Id. at p. 6. Defendants argue these non-party witnesses cannot be compelled to testify at trial "because they are outside this court's subpoena power." Id. (referencing Fed. R. Civ. P. 45(c)).

Plaintiff argues defendants' list of material non-party witnesses is incomplete. (Docket 16 at p. 4). Plaintiff asserts the list includes nine subcontractors, namely:

1. Enchanced Construction, Anderson, Texas;
2. Carlisle Insulation, Inc., Omaha, Nebraska;
3. Nova Fire Protection, Inc., Fargo, North Dakota;
4. LS Drywall, Inc., Mentor, Minnesota;[2]
5. Larkins Electric, Inc., Grenwood, South Carolina;
6. Lind-Exco, Inc., Rapid City, South Dakota;
7. Valley Plumbing, Fargo, North Dakota;

---

[2]Registration with the North Dakota Secretary of State indicates LS Drywall is a foreign corporation from Minnesota with its North Dakota principal place of business in Grand Forks, North Dakota. (Docket 15-4).

      8. Square Deal Contracting, Missouri Valley, Iowa; and

      9. Concrete Building Systems, Inc., Montrose, Colorado.

Id.  Plaintiff argues that "the Defendants have made essentially no effort to demonstrate the nature and quality of any non-party witness testimony in relationship to the issues in this action."  Id. at p. 8.  Plaintiff asserts at least five of the subcontractors cannot be compelled to appear at trial regardless of where the case is venued.  Id.  Plaintiff further argues HBI, as a key non-party witness residing in Rapid City, South Dakota, is outside the subpoena power of the District of North Dakota.  Id. at p. 9.

    Plaintiff asserts "Defendants' breach of contract and professional negligence . . . will be decided largely on expert witness testimony . . . ."  Id.  Plaintiff notes its expert witness resides in Rapid City, South Dakota.  Id. at p. 8 n.7.

    Contrary to defendants' argument, each of these non-party witnesses can be compelled to give a deposition and produce documents "within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . ."  Rule 45(c)(1)(A) & (2)(A).  "Although live testimony may be preferable, Rule 32 clearly permits the deposition testimony of a witness to be used when the witness resides outside the court's subpoena power."  Schmaltz v. Western Horizons Living Centers, No. CIV. 10-5032-JLV, 2012 WL 844820 at *5 (D.S.D. Mar. 12, 2012) (Schmaltz II) (referencing Fed. R. Civ. P. 32(a)(4)(b).  Video depositions may be used if the parties believe their non-party witness' visual appearance is critical to the jury's understanding of the testimony.  Id.

    The court finds this factor does not weigh in defendants' favor.

<u>COMPARABLE COSTS AND CONVENIENCE OF THE PARTIES</u>

Defendants assert the relevant defendants' employee-witnesses work and reside in North Dakota.  (Docket 13 at p. 5).  Defendants do not identify these witnesses by name or provide a summary of the testimony each witness is likely to present.  Neither do defendants identify a significant cost differential imposed upon them by compelling defendants to defend this case in the District of South Dakota.

Defendants' attorneys' offices are in Minneapolis, Minnesota, a distance of 235 miles from Fargo, North Dakota, and 610 miles from Rapid City, South Dakota.  Rule 201(b)(2).  Plaintiff's counsel live in Rapid City, South Dakota, and would be required to travel approximately 577 miles to attend court in Fargo, North Dakota.  <u>Id.</u>  Plaintiff points out defense counsel will have to travel in any event to attend court in either Rapid City or Fargo, while plaintiff's counsel would not have that additional expense if venue remains in the Western Division of the District of South Dakota.  (Docket 16 at p. 7 n.6).

Plaintiff argues defendants have not articulated how "plaintiff would not be substantially inconvenienced by a transfer."  (Docket 16 at p. 6) (citing 15 Wright, Miller & Cooper, <u>Federal Practice & Procedure</u> § 3849 at 217 (4th ed. 2013)) (emphasis omitted).  The court surmises each party will be inconvenienced by litigation in the home district court of the opposing party. <u>Terra International, Inc.</u>, 119 F.3d at 696.  "Merely shifting the inconvenience from one side to the other . . . obviously is not a permissible justification for a change of venue."  <u>Id.</u> at 696-97 (internal citation omitted).

The court finds defendants failed to satisfy their burden of proof on this factor.

9

JUDICIAL ECONOMY

Judicial economy "typically involves consideration of docket backlog and the time to disposition in the two forums."  Oien v. Thompson, 824 F. Supp. 2d 898, 905 (D. Minn. 2010) (referencing In re Apple, Inc., 602 F.3d 909, 915 (8th Cir. 2010).  "Docket congestion is a permissible factor to consider in deciding a § 1404(a) motion . . . ."  In re Apple, Inc., 602 F.3d at 915.

Defendants have not presented any statistical data or other information indicating the District of North Dakota has a significantly lower caseload or docket backlog or a significantly shorter time frame for resolving civil litigation of this nature.  Nor have defendants identified any related or collateral cases involving these parties, or related issues, which are presently being handled by the District of North Dakota.  Maintaining this litigation in the District of South Dakota will not result in a piecemeal resolution of the parties' claims and defenses.

Based on the court's knowledge of the impact of civil litigation on court resources, the court cannot conclude better use of judicial resources would occur in the District of North Dakota when compared to the use of judicial resources in resolving this case in the District of South Dakota.

The court finds defendants failed to satisfy their burden of proof on this factor.

OBSTACLES TO A FAIR TRIAL

Typically, this factor might include public awareness of a significant event which would impede the defendants' right to a fair trial.  See Terra International, Inc. v. Mississippi Chem. Corp., 922 F. Supp. 1334, 1364 n.23 (N.D. Iowa 1996), aff'd, 119 F.3d 688 (8th Cir. 1997) ("The court is equally

10

unpersuaded by the argument that MCC can't get a fair trial in this forum, because of the awareness of residents, hence potential jurors, of the explosion, because the district is sufficiently large that not every potential juror will have a first-hand awareness of anything to do with the explosion exceeding what Mississippi residents will know about the explosion, which received national news coverage.").

Defendants have not articulated any obstacles to obtaining a fair trial in the District of South Dakota.  The court finds defendants failed to satisfy their burden of proof on this factor.

## ORDER

Having considered all the factors contemplated by 28 U.S.C. § 1404(a), it is

ORDERED that defendants' motion for change of venue (Docket 12) is denied.

Dated March 2, 2016.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE